**Richard F. MURPHY, Plaintiff,**

v.

**CURRAN CONTRACTING CO., a corporation, Defendant.**

No. 86 C 4228.

United States District Court,
N.D. Illinois, E.D.

Dec. 8, 1986.

Patrick M. Kinnally and Joseph C. Loran, Murphy, Hupp, Foote and Mielke, Aurora, Ill., for plaintiff.

Cary S. Fleischer, Mass, Miller & Josephson, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

This order concerns defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, defendant's motion is granted.

## I. FACTS

The plaintiff, Richard Murphy ("Murphy"), was employed by the defendant, Curran Contracting Company ("Curran"), as a vice president from 1974 until his termination in 1985. In 1981, Murphy and Curran entered into a contract that contained disability, death and retirement benefits. According to the contract terms, retirement benefits commence only after Murphy turns 65 years old and is still employed by Curran. Paragraph 11 of the contract contains an integration clause providing that the document contains the entire agreement between the parties and that the agreement can only be amended or modified in writing.

Beginning in 1981, both Murphy and Curran contributed to a life insurance policy. The policy designates Curran as both the applicant and beneficiary. Murphy alleges that Curran orally agreed to use proceeds of the life insurance policy to fund the death, disability and retirement plan. In his complaint, Murphy asserts that the retirement plan is a pension benefit plan under ERISA, and his employee payments are not forfeitable according to 29 U.S.C. § 1053(a)(1). Count I of Murphy's complaint seeks relief pursuant to 29 U.S.C. § 1132. Counts II and III assert pendent state statutory and common law claims.

## II. DISCUSSION

Although Curran asserts a number of arguments against Murphy's ERISA claim, this court need only reach the first to dispose of this motion. Curran argues that Murphy's complaint merely asserts a right under an alleged oral agreement, rather than under a plan covered by ERISA. Curran points to the integration clause set forth in paragraph 11 of the parties' retirement pension contract and argues that Murphy's assertion of a subsequent oral agreement modifying the pension is expressly precluded under the express terms of the plan. Since Murphy has not asserted the existence of a signed writing recognizing the terms of the alleged oral agreement under the preexisting pension plan, Curran argues the oral agreement did not become part of the plan and is not subject to the provisions of ERISA.

Murphy does not contend nor does it appear that the jointly funded insurance policy alone constitutes an employee pension benefit plan under § 1002(2)(A) of ERISA. Thus, the linchpin of Murphy's ERISA claim under 29 U.S.C. § 1053 is the alleged oral agreement to use proceeds of the insurance policy to fund Murphy's pension benefit plan. Case law indicates that there may be circumstances in which employer representations and employee expectations define the terms of a benefit plan beyond the language in the document creating the plan. *Ogden v. Michigan Bell Telephone Co.*, 595 F.Supp. 961, 970 (E.D. Mich.1984). However, the asserted oral terms must be legally capable of defining the terms of the pension benefit plan. Where, as here, a clause in the written pension plan requires all subsequent modifications or additions to be embodied in a signed writing, an oral agreement to alter the plan cannot be recognized as part of the plan absent some allegation of waiver or estoppel.

Murphy does not present, nor does this court find any authority allowing this Court to ignore the existence or enforcement of such an integration clause in a pension plan governed by ERISA. Murphy's claim under § 1053 is completely dependent upon this court construing an asserted oral agreement as part of the terms of the written pension benefit plan. Since this court is unable, by virtue of the integration clause, to recognize the asserted oral agreement as part of the pension plan, Murphy has failed to state a claim for

relief under ERISA and Count I of his complaint is dismissed.

Murphy's remaining statutory and common law claims are based on pendent jurisdiction. In concluding Murphy has failed to state a claim for relief under ERISA, this court must also dismiss Murphy's state law claims as no independent basis for asserting jurisdiction remains. *See United Mine Workers of America v. Biggs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

### III. CONCLUSION

For the reasons stated above, this court grants Curran's motion, and Murphy's complaint is dismissed in its entirety.

IT IS SO ORDERED.